UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUPID MONIQUE TROTTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY, et al.,<br><br>Defendants. | No. 2:22–cv–1552–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

    i.    **Subject Matter Jurisdiction and Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). A federal district court may hear and decide state-law claims along with federal-law claims where the claims are so related that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

///

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

### ii. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  A complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint must also "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  However, the court is not required to accept as true "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

### iii. Pleadings from Unrepresented Parties

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

### Analysis

Plaintiff's complaint against defendants, the Sacramento Housing and Redevelopment Agency ("SHRA") and specified board members, appears to allege violations of: (A) the Fair Housing Act ("FHA") via references to 42 U.S.C. §§ 1437, 1472, 1485, 1486, 3601, and 12101 and 24 C.F.R. §§ 100.50 et seq.; (B) various civil rights; and (C) other statutes and sources of law (41 U.S.C. § 56503, Wagner-Stegall). (ECF No. 1.) Plaintiff seeks $26 million in damages. (Id.)

Although courts construe pro se complaints liberally, plaintiff's complaint fails to state a claim on which relief may be granted. As best as the court can tell, plaintiff alleges that defendants failed to "supply her with livable housing units." (ECF No. 1 at 6.) However, plaintiff's complaint relies on blanket references to federal statutes and lacks sufficient factual allegations. See Iqbal, 556 U.S. at 678.

### A. Fair Housing Act Claim(s)

By referencing the federal Fair Housing Act ("FHA"), plaintiff appears to claim defendants discriminated against her in failing to provide her with housing under the Section 8 federal housing program. (ECF No. 1 at 6.) Plaintiff states that defendants "breached their duties to supply [her] with livable housing units" and "caused profound injury to plaintiff's equal opportunity to free and safe living…" (Id.) However, plaintiff's complaint fails to allege sufficient facts from which the court can reasonably infer that actionable discrimination occurred to support a claim under the FHA.

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection

therewith, because of [for example] race, color, religion, sex, familial status, or national origin" or a disability.  42 U.S.C. § 3604(b) and (f).  Under the FHA, it is unlawful to "engage in any conduct relating to the provision of housing which otherwise makes unavailable or denies dwellings to persons" because of a defined class.  See 42 U.S.C. § 3604(b); see also 24 C.F.R. §100.50(b).  Prohibitions by the FHA include a "[refusal] to negotiate for the sale or rental of, or otherwise [making] unavailable or deny, a dwelling to any person" based on a protected class.  (Id.)  To establish a prima face case of disparate treatment under the FHA, a plaintiff must show (1) she is a member of a protected class who applied for and was qualified for housing, (2) the housing authority rejected her application based on their protected characteristic, and (3) that housing opportunities remained thereafter.  See Community H., Inc. v. City of Boise, 490 F.3d 1041, 1053 (9th Cir. 2007).

With respect of plaintiff's FHA claim, the complaint lacks facts indicating she is a member of a protected class under the FHA, as well as that defendants refused to supply housing because of the protected characteristic.  While plaintiff generally alleges defendants failed to supply plaintiff with livable housing, the complaint does not allow the court to infer that the refusal was due to improper discrimination.  See Cabrera v. Alvarez, 977 F. Supp. 2d 969, 976 (N.D. Cal. 2013) (finding a claim of discrimination based on a disability to be dismissible where no facts were presented to allow the court to infer plaintiff received "explicitly differential treatment" due to his asthma); see also Cooke v. Town of Colorado City, Ariz., 934 F. Supp. 2d 1097, 1112 (D. Ariz. 2013) (noting allegations of unfit utility services could amount to an FHA claim where plaintiff alleged discrimination based on religion).  Plaintiff alleges "Sacramento area owners and [the] private sector refuse to rent to low-income voucher holders."  (ECF No. 1 at 6.)  However, economic class is not a basis for a discrimination claim within the meaning of the FHA.  See 42 U.S.C. § 3604; see also Community H, 490 F.3d at 1053 (noting a plaintiff must show they are a defined protected class to establish a prima facie case of FHA discrimination).  If plaintiff wishes to bring a claim under the FHA, she must allege facts which plausibly suggest that the housing authority refused to provide her housing based on a protected class.  See 42 U.S.C. § 3604; see also Iqbal, 556 U.S. at 678.

### B. "Civil Rights" Claims

Plaintiff appears to be attempting to assert a civil rights claim under 42 U.S.C. § 1983. However, to extent that it is intelligible, plaintiff's complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred to support a claim under 42 U.S.C. § 1983.

Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–394 (1989). To state a claim for relief under Section 1983, a plaintiff must thus allege (1) a violation of a right secured by federal law and (2) that the violation was caused or committed by a person acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

The complaint states that "[s]ection 8 has violated [her] federal civil rights." (ECF No. 1 at 7.) Plaintiff alleges "[defendant's] conduct has caused profound injury to [her] equal opportunity to free and safe living in Sacramento…" and that they "breached [their] duties to supply [her] with livable housing units." (Id. at 6.) The complaint also makes reference to the First Amendment without anything more specific. (Id. at 5.) These statements do not provide the court or potential defendants with notice of any potential claims. See Olech v. Village of Willowbrook, 528 U.S. 562 (2000) (noting that equal protection claims require sufficient facts to show that the plaintiff was intentionally treated differently than others similarly situated and that there is no rational basis for the disparate treatment); Lindsey v. Normet, 405 U.S. 56, 74 (1972) (holding that there is no constitutional guarantee to access to dwellings of a particular quality); see also Martin v. City of Boise, 902 F.3d 1031, 1048 (9th Cir. 2018) (noting the court "in no way dictate[s] to the City that it must provide sufficient shelter for the homeless"); see also Iqbal, 556 U.S. at 678 ('naked assertions' devoid of 'further factual enhancements' cannot suffice for federal pleading standards).

In addition to the pleading deficiencies outlined above, plaintiff appears to name individual SHRA board members as defendants in her complaint without indicating what specific actions those individuals took. In naming individuals in a Section 1983 claim, a plaintiff must allege that each defendant acted under the color of law and caused a constitutional deprivation. See Nurre, 580 F.3d at 1092. However, an individual can only "cause" a constitutional deprivation under Section 1983 when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [s]he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). The causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added). Plaintiff's complaint on its face fails to allege sufficient facts as to each individual's violation of a federal right.

Thus, no Section 1983 claim appears cognizable against any defendant.

**C.     Remaining frivolous and non-federal claims**

Plaintiff's complaint generally references the "United States Housing Act [of] 1937 . . . Wagner-Ste[a]gall." (ECF No. 1 at 5.)  The Wagner-Steagall Housing Act of 1937 statutorily established and provides policy and funding to the United States Housing Authority, and therefore is not a basis of relief. See 42 U.S.C.A. § 1437. Plaintiff also asserts defendants breached 41 U.S. Code § 6503, which refers to violations of the terms of a federal contract made for the manufacturing or furnishing of materials greater than $10,000. (Id. at 6.)  Plaintiff's statement regarding her "suffering under the Government programs called Section 8" and that defendants "breached the Federal U.S. Department Housing policies" in her complaint suggest that plaintiff refers to the Section 8 agreement contract SHRA and the federal government. (ECF No. 1 at 6.)  However, plaintiff lacks standing under 41 U.S. Code § 6503 as the section provides relief to the federal government, rather than persons not a party to the contract. See 41 U.S.C.

§ 6503.  These claims are legally frivolous.[3]  Neitzke, 490 U.S. at 325.

Additionally, the court notes plaintiff's multiple references to units that are "unlivable." (See ECF No. 1 at 6.)  To the extent that plaintiff intends to bring an implied warranty of habitability or contract claim against property owners of the allegedly-unlivable units, plaintiff should be aware that such claims, without a cognizable federal claim, are reserved for state court. See 28 U.S.C. §§ 1331, 1332(a), 1367(a); see also, e.g., Foreman v. Freedman, 2013 WL 12184328, at *7 (S.D. Cal. Dec. 20, 2013) (declining to exercise federal jurisdiction over an implied warranty of habitability claim); see also Osceola Blackwood Ivory Gaming Group, LLC v. Picayune Rancheria of Chukchansi Indians, 272 F. Supp. 3d 1205, 1215 (E.D. Cal. 2017) (declining to exercise supplemental jurisdiction over plaintiff's breach of contract claim).

**D.    Leave to amend**

In light of plaintiff's lack of knowledge of the legal system and lack of attorney, and because it is at least conceivable that plaintiff could allege additional facts to state a claim under the Fair Housing Act or Section 1983, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).  If she chooses to amend, she shall follow the "standards for amendment" below and note the legal standards above.

**Standards for Amendment**

If plaintiff elects to file an amended complaint, this new pleading shall:

i.    be captioned "First Amended Complaint";
ii.   be limited to 5 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii.  use numbered paragraphs;

---

[3] Plaintiff has been informed before about many of the issues noted in this order.  In 2019, she filed a similar complaint concerning Section 8 that broadly referenced a breach of contract between the housing authority and the federal government.  (See Trotter v Con Am Group, et al., 2:19-cv-1490-KJM-DB.)  Plaintiff's continued filing of claims she knows to be frivolous or deficient may in the future lead to a vexatious litigant order being issued, which would restrict her ability to bring cases in this court.  Plaintiff should heed the guidance of this court concerning claims that are frivolous and refrain from pleading them in the future.

  iv. set forth her various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I for ____ against defendants X, Y, and Z, Claim II for ____ against defendants R and S, etc.);
  v. under each section, list the facts supporting that particular claim;
  vi. include a general background facts section to orient the reader only as necessary;
  vii. include her statements for jurisdiction, venue, and relief sought as necessary;
  viii. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
  ix. address the other pleading deficiencies outlined in Sections A and B above.

The amended complaint shall be filed within 28 days of this order.

  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

  Finally, nothing in this order requires plaintiff to amend her complaint. If plaintiff determines that she is unable to amend in compliance with the court's order at this time, she may instead file a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). This should be filed within 28 days of this order.

## ORDER

  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 28, 2022

trott.1552

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE